[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10270

Non-Argument Calendar

_____

CARLOS SANCHEZ,

                                                        Petitioner-Appellant,

*versus*

STATE OF FLORIDA,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-24192-KMW

_____

Before GRANT, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carlos Sanchez, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his *pro se* 28 U.S.C. § 2254 petition.[1]  We granted a certificate of appealability ("COA") on this issue: "Whether the district court erred by finding that Mr. Sanchez had procedurally defaulted his claim that counsel were ineffective for failing to file a motion to dismiss the amended Information because it was filed after the speedy trial period expired."  Reversible error has been shown; we vacate the denial and remand for further proceedings.[2]

_____

[1] We read liberally briefs filed by *pro se* litigants.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] On appeal, the state argues that Sanchez abandoned the issue specified in this Court's COA.  Sanchez's appellate brief -- read liberally -- addresses adequately the issue identified by the COA.  To the extent Sanchez raises additional arguments in his appellate brief, those arguments are outside the scope of the COA and are not properly before us.

Whether a petitioner has procedurally defaulted a claim is a mixed question of law and fact that we review *de novo*. *See Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court" by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999); *see* 28 U.S.C. § 2254(b)(1). To exhaust properly a claim, a petitioner must "fairly present" his federal claim to the state courts, "alerting that court to the federal nature of the claim" and, thus, giving the State the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotations omitted). A petitioner raises adequately a federal issue in state court when he "cit[es] in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* at 32; *see Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352 ("To 'fairly present' a claim, the petitioner is not required to cite 'book and verse on the federal constitution.'"). On the other hand, a petitioner fails to "fairly present" his federal claim in state court if the state court must "read beyond" the written pleadings or briefs to determine whether a federal claim is being asserted. *See Baldwin*, 541 U.S. at 32.

The district court erred in dismissing as unexhausted and procedurally defaulted Sanchez's claim that his trial lawyers were ineffective for failing to move to dismiss the amended information

4                    Opinion of the Court                    21-10270

on speedy-trial grounds.  The record demonstrates that Sanchez in fact raised this claim in his state post-conviction motion and in his appeal from the state court's denial of that motion.

The state concedes that the district court found incorrectly that Sanchez failed to assert the pertinent ineffective-assistance-of-counsel claim in his state post-conviction motion.  Nevertheless, the state contends that -- because Sanchez cited no federal constitutional authorities in his post-conviction motion -- Sanchez failed to exhaust properly his federal claim.  We disagree.

In his *pro se* post-conviction motion, Sanchez asserted a claim titled, "Ground Three (3): MR. SANCHEZ WAS CONSTRUCTIVELY DENIED ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO MOVE FOR DISMISSAL OF THE INDICTMENT/ INFORMATION WHERE THERE WAS AN INVALID WAIVER OF SANCHEZ'S SPEEDY TRIAL RIGHT, THE STATE WAS PROHIBITED FROM AMENDING INFORMATION BASED ON THE SAME CONDUCT AS THE ORIGINAL INFORMATION."  In the attached memorandum of law in support of his motion (filed the same day) -- in the argument section dedicated to Ground Three -- Sanchez twice alleged that he had been denied his "Sixth and Fourteenth Amendment rights" to effective assistance of counsel.  Elsewhere in his memorandum, Sanchez cited to the federal standard for evaluating ineffective-assistance-of-counsel claims and mentioned *Strickland v. Washington*, 466 U.S. 668 (1984).

Sanchez later appealed *pro se* the state court's denial of his post-conviction motion. In his state-court appellate brief, Sanchez framed the issue on appeal this way: "Whether the trial court erred in denying the defendant's motion for post[-]conviction relief in violation of his Sixth and Fourteenth Amendments to the United State[s] Constitution." Throughout his brief, Sanchez also cited repeatedly to *Strickland.*

Construing liberally Sanchez's *pro se* pleadings and briefs, we conclude that Sanchez provided adequate notice to the state trial court and to the state appellate court that he sought to assert a federal constitutional claim in Ground Three. Because Sanchez "fairly presented" his federal constitutional claim to the state court, the district court erred in dismissing this claim as procedurally defaulted. We vacate the district court's denial of Sanchez's section 2254 petition and remand for reconsideration of this ground on the merits.

VACATED AND REMANDED.